UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
FANTASTIC GRAPHICS INC.,

                               Plaintiff,

       - against-

LYNNE HUTCHINSON, STELLAR DESIGN
GROUP LLC, TRACY J. KOUGH, and
ROMAN SOKOLOV,

                               Defendants.
------------------------------------------------------------X

**MEMORANDUM**
**OPINION AND ORDER**

**09-CV-2514 (LDW)(ETB)**

       Before the Court is a motion for reconsideration pursuant to Local Civil Rule 6.3 on

behalf of defendants, Stellar Design Group LLC ("Stellar") and Tracy J. Kough ("Kough").

Defendants assert that their previous motion for a protective order staying discovery was not

considered on its merits by either the assigned district judge or the assigned magistrate judge.  It

appears that the movants are correct.  For that reason, the motion for reconsideration is granted.

On such reconsideration, the Order dated January 7, 2010 is hereby vacated and the within Order

entered in its stead, for the reasons set forth herein.  By order dated February 1, 2010, I

temporarily stayed discovery against the movants, pending a decision on the motion for

reconsideration.

FACTS

       Fantastic Graphics, Inc. ("Fantastic Graphics"), a New York corporation, brought suit

against four defendants: Lynne Hutchinson ("Hutchinson"), Roman Sokolov ("Sokolov"), Stellar

Design Group LLC ("Stellar") and Tracy J. Kough ("Kough").  (Compl. ¶¶ 1, 3.)  Kough and

Hutchinson are the principals of Stellar.  (Aff. of Kathy Carlini in Opp'n to Def. Mot. to Dismiss

-1-

("Carlini Aff."), dated Nov. 5, 2009, ¶ 21.) Fantastic Graphics' principal, Kathy Carlini ("Carlini"), alleges that Hutchinson, aided by Kough and Sokolov, stole her clients, work products and potential business. (Compl. ¶ 1.) The Complaint contains twelve causes of action, four of which are directed against all four defendants, including Stellar and Kough:[1] tortious interference with a contract, tortious interference with business relations, unjust enrichment and conversion.

In 2001, Carlini and Hutchinson entered into a shareholder agreement, pursuant to which they became one-third owners of Fantastic Graphics, as well as officers and directors. (Compl. ¶ 11.) There was no employment contract with Hutchinson or Carlini. Fantastic Graphics hired defendant Sokolov as a graphic designer and entered into an employment agreement with him on May 2, 2005. (Compl. ¶ 13.) Hutchinson was Fantastic Graphics' only salesperson - and dealt directly with Marotta Dental ("Marotta"), one of Fantastic Graphics' largest and most profitable clients. Carlini was responsible for the day-to-day operations. (Compl. ¶¶ 14-17.)

Kough formed Stellar Design on September 27, 2006. (Carlini Aff. ¶18.) After Hutchinson resigned from Fantastic Graphics on October 18, 2006, she went to work for Stellar, a New Jersey corporation with offices in New Jersey. (Carlini Aff., Ex. C.) Defendants assert that they hired Sokolov on a freelance basis. (Def. Mem. of Law in Support of Mot. to Dismiss, 12.) On or about March 5, 2009, Carlini learned that Marotta had been working with Hutchinson and her "new company" - Stellar - for the past two years. (Compl. ¶ 53, 54.) Carlini alleges that Hutchinson took Marotta with her when Hutchinson went to work for Stellar. (Compl. ¶ 58.) Carlini further alleges that Sokolov has stolen files and confidential information from Fantastic

---

[1] Stellar and Kough are the movants herein.

Graphics and refused to return files. (Compl. ¶ 76.) Moreover, Carlini asserts that Hutchinson used her connection with Marotta's owner, Steve Pigliacelli, to ruin Fantastic Graphics' good business relationship with Marotta by creating an extensive video project that Marotta did not request. (Compl. ¶ 59.) Plaintiff alleges that based on Kough's personal relationship with Hutchinson and her voice-over in the video project, she must have known of the relationship between Marotta and Fantastic Graphics. (Carlini Aff. ¶ 16.) Plaintiff argues that, based on her position at Stellar, Hutchinson's knowledge is attributable to Stellar. (Mem. of Law in Opp'n to Def. Motion to Dismiss, 13.) Plaintiff contends that no later than November 2006, Stellar had taken all of Marotta's business away from Fantastic Graphics, causing Fantastic Graphics to suffer a significant loss of revenue. (Carlini Aff. ¶ 26.)

The defendants originally requested a protective order staying discovery pending the outcome of their previously filed motion to dismiss was filed on January 5, 2010. On January 7, 2010, the application was denied based on the fact that it "significantly omitted the directive that the parties proceed with discovery as will be directed by the Magistrate Judge." (Order of Boyle J., dated Jan. 7, 2009.) Defendants now seek reconsideration of that Order, pursuant to Local Civil Rule 6.3.

DISCUSSION

I.      Motion for Reconsideration

Local Civil Rule 6.3 states that motions for reconsideration shall set forth "concisely the matters or controlling decisions which counsel believes the court has overlooked." Loc. Civ. R. 6.3; see also Weissman v. Fruchtman, 658 F. Supp. 547, 548 (S.D.N.Y.1987) (stating that "[m]otions for reargument are granted when new facts come to light or when it appears that

controlling precedents were overlooked").  Adequate grounds for reconsideration are present

where there has been "an intervening change of controlling law," new evidence has become

available, or there is a "need to correct a clear error or prevent manifest injustice."  Virgin Atl.

Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir.1992) (citation omitted).  A

"notice of motion for reconsideration . . . shall be served within fourteen (14) days after the entry

of the court's determination of the original motion . . . ."  Loc. Civ. R. 6.3.

 "Under Local Rule 6.3, a party may not 'advance new facts, issues or arguments not

previously presented to the Court.'"  Allstate Ins. Co. v. American Home Prods. Corp., No. 01

Civ. 10715, 2009 WL 2876264, at *5 (S.D.N.Y. Sept. 3, 2009) (quoting EEOC v. Fed. Express

Corp., 268 F. Supp. 2d 192, 199 (E.D.N.Y.2003)) (additional quotation omitted).  The purpose of

the rule is "to ensure the finality of decisions and to prevent the practice of a losing party

examining a decision and then plugging the gaps of a lost motion with additional matter."  Lewis

v. New York Telephone, No. 83 Civ. 7129, 1986 U.S. Dist. LEXIS 29934, at *3 (S.D.N.Y. Jan.

29, 1986).  In addition, a party may not use a motion for reconsideration "to reargue those issues

already considered when [the] party does not like the way the original motion was resolved."

Houbigant, Inc. v. ACB Mercantile, Inc., 914 F.Supp. 997, 1001 (S.D.N.Y. 1996) (citing Morser

v. AT&T Information Sys., 715 F. Supp. 516, 517 (S.D.N.Y. 1989)) (additional citation

omitted).

 Here, defendants filed their motion for reconsideration on January 7, 2010, the same day

that their initial motion for a protective order was denied.  Thus, defendants' motion is timely.

 Defendants assert that their counsel did not appear at the September 22, 2009 pre-motion

conference held before Judge Wexler because he did not receive notice of it and that, in fact, he

has never appeared before Judge Wexler in this action. (Letter from D'Orazio, B., dated Jan. 7, 2010, 2.) Defendants further assert that they have never requested that Judge Wexler, at any time, stay discovery. (Id.) As defendants point out, at the pre-trial conference held before me on October 30, 2009, counsel for defendants raised the issue of seeking a stay of discovery and were advised that they could move to stay discovery after the motion to dismiss was fully briefed. (Id.) Finally, defendants assert that the request for a stay of discovery has never been considered on its merits. (Id.) Thus, defendants have adequately demonstrated a matter that was overlooked by the Court that requires reconsideration.

II.     Motion to Stay Discovery

A party seeking a stay of discovery pursuant to Federal Rule of Civil Procedure 26(c) bears the burden of demonstrating good cause. See Telesca v. Long Island Housing P'ship, Inc., No. CV 05-5509, 2006 U.S. Dist. LEXIS 24311, at *3-4 (E.D.N.Y. Apr. 27, 2006) (citing cases). The mere filing of a dispositive motion does not warrant the issuance of a stay under Rule 26(c). See United States v. County of Nassau, 188 F.R.D. 187, 188 (E.D.N.Y. 1999).

"Although not expressly authorized by statue or rule, . . . the federal district courts have discretion to impose a stay of discovery pending the determination of dispositive motions by the issuance of a protective order." Hachette Distribution, Inc. v. Hudson County News Co., Inc., 136 F.R.D. 356, 358 (E.D.N.Y. 1991) (citing cases). A court determining whether to grant a stay of discovery must look to the "particular circumstances and posture of each case." Id.

Courts consider the following factors in determining whether a stay of discovery is appropriate: (1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of

unfair prejudice to the party opposing the stay.  See <u>Telesca</u>, 2006 U.S. Dist. LEXIS 24311, at *1

(citing <u>In re Currency Conversion Antitrust Litig.</u>, No. 1409 M 21-95, 2002 U.S. Dist. LEXIS

974, at *1 (S.D.N.Y. Jan. 22, 2002)).  Courts may also take into account the following factors,

none of which is dispositive: "the type of [dispositive] motion and whether it is a challenge as a

'matter of law' or to the 'sufficiency' of the allegations;' the nature and complexity of the action;

. . . whether some or all of the defendants join in the request for a stay; [and] the posture or stage

of the litigation . . . ."  <u>Hachette</u>, 136 F.R.D. at 358.

Here, the movants fall short of making an adequate showing of lack of merit to justify the

issuance of a stay.  This is a fact-intensive action and, regardless of the venue issue, undoubtedly

will go forward either here or in New Jersey.  Moreover, the issues addressed on the motion to

dismiss go to the sufficiency of the factual allegations and are ones that may be cured by an

amended pleading.  Plaintiff has already requested that it be permitted to amend, depending on

the outcome of the motion to dismiss.  There has been no stay of discovery requested by the

defendants, Lynne Hutchinson and Roman Sokolov, and the movants, in any event, would be

subject to document production and depositions as non-parties.

<u>CONCLUSION</u>

For the foregoing reasons, the motion for reconsideration is granted, and on

reconsideration, the motion by Stellar and Kough for a stay, pursuant to Rule 26(c), is denied for

lack of "good cause."

**SO ORDERED:**

Dated: Central Islip, New York
      February 8, 2010

                           /s/ E. Thomas Boyle
                           E. THOMAS BOYLE

United States Magistrate Judge