UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
FANTASTIC GRAPHICS INC,

                    Plaintiff,

            --against--

LYNNE HUTCHINSON, STELLAR DESIGN
GROUP LLC, TRACY J. KOUGH, and
ROMAN SOKOLOV,

                    Defendants.
------------------------------------------------------------X

MEMORANDUM AND ORDER

CV-09-2514

(Wexler, J.)

      RUSKIN MOSCOU FALTISCHEK, P.C.
      BY: KIMBERLY B. MALERBA, ESQ.
      JEFFREY M. SCHLOSSBERG, ESQ.
      East Tower, 15th Floor
      1425 RXR Plaza
      Uniondale, New York 11556
      Attorneys for Plaintiff

      LAW OFFICES OF BERNARD D'ORAZIO, P.C
      BY: BERNARD D'ORAZIO, ESQ.
      100 Lafayette Street-Suite 601
      New York, New York 10013-4400
      Attorneys for Defendants

WEXLER, District Judge:[1]

      This is an action commenced by Plaintiff Fantastic Graphics, Inc. ("Fantastic Graphics" or the "Plaintiff Company") against Defendants Lynne Hutchinson ("Hutchinson"), Stellar Design Group, LLC ("Stellar or the "Defendant Company"), Tracey J. Kough ("Kough") and Roman Sokolov ("Sokolov") (collectively "Defendants"). Plaintiff alleges the existence of a deceitful

---

[1]     The Court acknowledges the assistance of Michelle Azoulay, a student at Touro Law School, in the research and preparation of this opinion

conspiracy among the Defendants to destroy the business of Fantastic Graphics. The complaint contains causes of action in breach of fiduciary duty, breach of contract, breach of the implied covenant of good faith and fair dealing, misappropriation of trade secrets, tortious interference with contract, tortious interference with business relations, unjust enrichment, and conversion. Presently before the court is the motion of two Defendants – Stellar and Kough, pursuant to Rule 12(b)(2) and/or Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Rule 12(b)(2) seeks dismissal for lack of personal jurisdiction, and the Rule 12(b)(6) motion seeks dismissal for failure to state a claim upon which relief can be granted.

## BACKGROUND

I.      The Parties and the Allegations of the Complaint

The following facts are drawn from Plaintiff's complaint and assumed, for the purpose of this motion, to be true.

Plaintiff Fantastic Graphics is in the business of providing web design and printing services. It is was, at all relevant times, a New York corporation with its offices, and principal place of business in that state. Fantastic Graphics was started by Kathy Carlini ("Carlini") in 1988. Carlini alleges that she worked hard over the years to develop, and grow the Plaintiff Company into a well respected graphic design company.

Defendants are alleged to be associated with Stellar, a business that competes with Fantastic Graphics. All Defendants are all residents of the State of New Jersey. Defendants Hutchinson and Sokolov were both formerly associated with Fantastic Graphics. Hutchinson was an officer, and part owner of the business, and Sokolov was an employee since May of 2005. Hutchinson resigned from Fantastic Graphics in October 2006, and thereafter began work with Stellar. Defendant Kough is alleged to be employed by Stellar, but was never an employee of Fantastic Graphics.

2

The complaint contains highly detailed allegations regarding the business relationship between Fantastic Graphics and Marotta Dental ("Marotta"), one of the company's largest clients. In view of the fact that the motion presently before the court is brought by Defendants Stellar and Kough, the court will not detail those allegations. Suffice it to say that the complaint alleges that while still employed at Fantastic Graphics, Hutchinson used her position of trust to undermine the company's relationship with this customer, ultimately diverting that business to Stellar, Hutchinson's new business venture.

By November 2006, Stellar is alleged to have taken all of Marotta's business away from Fantastic Graphics, which resulted in a significant loss of revenue for Fantastic Graphics. Hutchinson is alleged to have lured defendant Sokolov to join her and Kough in the conspiracy against Fantastic Graphics.

II. The Motion

Defendants Kough and Stellar (the "Moving Defendants") move to dismiss for lack of personal jurisdiction, and failure to state a claim upon which relief can be granted. Although the complaint contains twelve causes of action, only four are directed toward the Moving Defendants. Those causes of action allege: (1) tortious interference with contract; (2) tortious interference with prospective business advantage, (3) unjust enrichment, and (4) conversion. In support of the personal jurisdiction motion, the Moving Defendants argue that personal jurisdiction exists neither pursuant to New York's Long Arm Statute, nor the Due Process Clause of the Constitution. The Rule 12(b)(6) motion alleges that Plaintiff fails to set forth a plausible claim for any cause of action alleged.

DISCUSSION

I   Personal Jurisdiction: Legal Principles

A district court may exercise jurisdiction over a defendant who would be subject to the jurisdiction of a court of general jurisdiction in the state in which the district court is located. Fed.

3

R. Civ. P. 4(k)(1)(A). "In order to survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a prima facie showing that jurisdiction exists." See, e.g., Best Van Lines, Inc. v. Walker, 2007 WL 1815511 at *2 (2d Cir.2007), quoting, Thomas v. Ashcroft, 470 F.3d 491, 495 (2d Cir.2006). Where, as here, the motion is made before discovery, all factual matters are to be resolved in the light most favorable to plaintiff. E.g., Jazini v. Nissan Motor Co., Ltd., 148 F.3d 181, 183 (2d Cir. 1998). If, but only if, jurisdiction is proper under state law must the court address whether the exercise of jurisdiction comports with Constitutional standards of due process under the Fourteenth Amendment. Best Van Lines, 2007 WL 1815511 at *2.

    A.    New York Law

While the complaint does not state the specific provision of New York law alleged to support personal jurisdiction, Plaintiff's motion papers make clear that it alleges personal jurisdiction over the Moving Defendants pursuant to New York Civil Practice Law and Rules ("CPLR"), Section 302(a)(3) ("Section 302(a)(3)").

        1.    Section 302(a)(3)

Section 302(a)(3) provides for long arm jurisdiction over a non-domicilliary defendant where the cause of action arises out of certain of defendant's activities, enumerated in the statute. See CPLR §302(a). The statute provides for the exercise of jurisdiction over a defendant who, "in person or through an agent," commits a tortious act outside of New York that causes injury within New York. In addition, the defendant over whom jurisdiction is asserted must have engaged in activities supporting one of the two sets of statutory criteria set forth in subsections (I) or (ii) of Section 302(a)(3).

As to subsection (I), jurisdiction is proper if, in addition to commission of the tortious act outside of New York with in-state consequence, the defendant either: (1) regularly does or conducts business in New York, (2) engages in any other "persistent course of conduct" in New York, or (3) derives substantial revenue from goods used or services rendered in New York.

4

As to subsection (ii), jurisdiction is proper, if, in addition to commission of the tortious act outside of New York with in-state consequence, the defendant: (1) expects or should reasonably expect his acts to have New York consequences and (2) derives "substantial revenue" from interstate or international commerce. N.Y.C.P.L.R. §302(a)(3)(i)(ii).

II. Factual Allegations in Complaint as to the Moving Defendants

While the complaint contains highly detailed allegations as to Defendants Hutchinson and Sokolov, the allegations as to the Moving Defendants are thin. They comprise only four paragraphs of the complaint's eighty-four factual paragraphs. Specifically, the complaint alleges: (1) that Stellar is a limited liability company formed in September of 2006 and organized under the laws of the State of New Jersey; (2) Stellar was Hutchinson's "new company;" (3) Kough is a resident of the State of New Jersey and (4) Stellar and Kough knew that its customers were "wrongfully and unfairly misappropriated from Fantastic Graphics." The complaint contains no allegations concerning either the amount or source of the income of either of the Moving Defendants.

III. Disposition of the Motion

The court holds that the allegation that Fantastic Graphics suffered a business injury when it lost a valuable customer as a result of the Moving Defendants' participation in the alleged scheme, is sufficient to make a prima facie showing of the commission of a tortious act outside of New York, with consequence in the state. See Energy Brands, Inc. v, Spiritual Brands, Inc., 571 F. Supp.2d 458, 467 (S.D.N.Y. 2008)(the tortious act requirement is met by alleging that the out-of-state act is the proximate cause of the New York injury). In light of this holding, the court turns to consider whether Plaintiff makes the showing necessary to support jurisdiction pursuant to either subsection (i) or (ii) of Section 302(a)(3).

As noted, Plaintiff must plausibly allege, as to subsection i, that the Moving Defendants:

• regularly do or conduct business in New York, and

- engage in any other "persistent course of conduct" in New York, or
- derive substantial revenue from goods used or services rendered in New York.

The complaint's limited factual allegations as to the Moving Defendants cannot support a claim that these defendants regularly conduct business or engage in any "persistent course of conduct" in New York. Jurisdiction pursuant to this section can therefore be found only if the complaint can be read to plausibly allege that the Moving Defendants "derive substantial revenue from goods used or services rendered in New York." CPLR §302(a)(3)(i).

As to subsection (ii), Plaintiffs must plausibly allege that the Moving Defendants
- expect or should reasonably expect their acts to have New York consequences, and
- derive "substantial revenue" from interstate or international commerce.

N.Y.C.P.L.R. §302(a)(3)(ii).

The test for determining whether a defendant "expects or should reasonably expect" his actions to have consequences in New York is objective, rather than subjective. Kernan v. Kurz-Hastings, Inc., 175 F.3d 236, 241 (2d Cir. 1999). Additionally, the "reasonable expectation" requirement under the New York long arm statute is interpreted in a manner consistent with Supreme Court precedent interpreting the requirements of the Due Process Clause of the United States Constitution. Kernan, 175 F.3d at 241; see Ivoclar Vivident, Inc. v. Ultident, Inc., 2005 WL 1421805 *5 (W.D.N.Y. 2005) (reasonable expectation foreseeability requirement intended to avoid conflict with due process limits on exercise of jurisdiction). Accordingly, more than foreseeing that a defendant's product will make its way into New York is required. Instead, the Defendant must have made a "discernible effort to directly or indirectly serve the New York market." Id. (citation omitted). See also Tri-Coastal Design Group v. Merestone Merch., Inc., 2006 WL 1167864 *4 (S.D.N.Y. 2006).

Assuming the truth of the allegations as to the knowledge of Kough and Stellar regarding the wrongful and unfair misappropriation of client information from Fantastic

6

Graphics, the court holds that the complaint alleges adequately that these Defendants expect or should reasonably have expected their acts to have New York consequences. This finding, however, does not complete the jurisdictional picture. The questions remain whether the complaint sufficiently alleges that the Moving Defendants either: (1) derive substantial revenue from goods used or services rendered in New York (to satisfy the pleading of jurisdiction under CPLR 302(a)(3)( i)) or (2) derive "substantial revenue" from interstate or international commerce (to satisfy the pleading of jurisdiction under subsection CPLR 302(a)(3)(ii)). As to these important elements, the complaint is silent. While Plaintiff has submitted affidavit evidence in opposition to the motion, such evidence is not properly considered by the court in the context of this motion to dismiss.

When considering only the allegations of the complaint, as the court is required to do, it cannot be said that Plaintiff has satisfied the revenue pleading requirements of either subsection of Section 302(a)(3) of the CPLR. Accordingly, the court grants the motion to dismiss the complaint for failure to properly allege personal jurisdiction over Defendants Stellar and Kough. The dismissal is without prejudice to replead. Plaintiff is granted thirty days from the date of this order in which to serve an amended complaint. Upon such service, Defendants may answer, or move to dismiss the amended complaint.

SO ORDERED

_____

LEONARD D. WEXLER

UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York

February 18, 2010