C\m

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
FANTASTIC GRAPHICS INC,

        Plaintiff,

--against--

LYNNE HUTCHINSON, STELLAR DESIGN
GROUP LLC, TRACY J. KOUGH, and
ROMAN SOKOLOV,

        Defendants.
----------------------------------------------------------X

MEMORANDUM AND ORDER

CV-09-2514

(Wexler, J.)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ APR 08 2010 ★
LONG ISLAND OFFICE

RUSKIN MOSCOU FALTISCHEK, P.C.
BY: KIMBERLY B. MALERBA, ESQ.
JEFFREY M. SCHLOSSBERG, ESQ.
East Tower, 15th Floor
1425 RXR Plaza
Uniondale, New York 11556
Attorneys for Plaintiff

LAW OFFICES OF BERNARD D'ORAZIO, P.C
BY: BERNARD D'ORAZIO, ESQ.
100 Lafayette Street-Suite 601
New York, New York 10013-4400
Attorneys for Defendants

WEXLER, District Judge:

    This is an action commenced by Plaintiff Fantastic Graphics, Inc. ("Fantastic Graphics" or the "Plaintiff Company") against, inter alia, Defendants Stellar Design Group, LLC ("Stellar"), and Tracey J. Kough ("Kough"). In a Memorandum and Order dated February 18, 2010, this court granted a motion to dismiss as to Stellar and Kough for lack of personal jurisdiction. Noting that Plaintiff failed to plead sufficient jurisdictional facts as to these Defendants' revenue, the court

1

gave leave to re-plead. Plaintiff's amended complaint pleads those revenue facts, and also sets forth a new cause of action.

Presently before the court is the request of Kough and Stellar to move to dismiss the amended complaint on the merits. In connection with the request, these Defendants argue that the amended complaint's addition of new factual allegations, and a new cause of action was improper because the court granted leave to amend only with respect to jurisdictional allegations. The court agrees with this characterization of its order disposing of the motion to dismiss. The proper procedural vehicle for adding a new cause of action would have been the making of a motion to amend the complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure. Having reviewed the new claim however, and concluding that a Rule 15 motion would have been granted, the court will not dismiss the claim for failure to make a motion to amend. The new claim may be asserted and, in accord with Rule 15(c)(1)(B), it shall relate back to the date of the original complaint. Allowing the new claim to be asserted, however, does not mean that it has merit. The merit of all claims asserted will ultimately be decided in the context of motion practice or at trial.

Turning to the request of Kough and Stellar to move to dismiss the amended complaint, that request is granted. The parties are directed to confer, and agree upon a briefing schedule. The briefing schedule shall be communicated to the court within two weeks of the date of this Memorandum and Order. Finally, the court orders that discovery as to all issues shall go forward.

SO ORDERED

LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
April 8, 2010